IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GUIDRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:21-CV-03310-DGK-SSA |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Lawrence Guidry, Jr.'s application for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including right eye blindness, lumbar degenerative changes (status-post fusion), cervical spine degenerative changes, right-sided carpal tunnel syndrome, and obesity, but he retained the residual functional capacity ("RFC") to perform a reduced range of light work with additional non-exertional restrictions, including work as a production assembler, a packing header, and a blade balancer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on March 19, 2019, alleging a disability onset date of December 1, 2014. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, at which time Plaintiff amended his alleged onset date to September 13, 2019. On March 31, 2021, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 2, 2021, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are "supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternative outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff argues that the ALJ erred at Step Four when it found (1) the opinion of Plaintiff's treating physician, Dr. Leonard Bridges, unpersuasive; and (2) the opinion of State Agency medical consultant, Dr. Denise R. Trowbridge, persuasive. *See* Pl.'s Brief, ECF No. 13.

### I.     The ALJ did not err in finding Dr. Bridges' opinion unpersuasive.

The ALJ did not err in finding Dr. Bridges' opinion unpersuasive. Plaintiff argues Dr. Bridges—who gave his opinion in February 2021—was able to consider additional medical findings from 2020, as opposed to Dr. Trowbridge who gave her opinion before 2020. As such, Plaintiff concludes the ALJ should have found Dr. Bridges' opinion persuasive.

The ALJ properly discounted the opinion since it consisted mostly of a check box form with little to no explanation or citation to supporting evidence and was partially based on Plaintiff's own subjective reports. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (finding it appropriate to discount an opinion that "consists of three checklist forms, cites no medical evidence, and provides little to no elaboration"); *McDade v. Astrue*, 720 F.3d 994, 999 (8th Cir. 2013) (finding it appropriate to discount an opinion that relied largely on plaintiff's subjective

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

reports); *see also Stapleton v. Kijakazi*, No. 2:21-CV-04108-DGK-SSA, 2022 WL 2070281 (W.D. Mo. June 8, 2022).

Furthermore, substantial evidence supports the ALJ's decision to discount the opinion for lack of support and consistency. Dr. Bridges found significant physical limitations—including only lifting 10 pounds occasionally, no postural abilities, no reaching, no flexion or extension of the neck, and the need to recline and elevate his legs—that are not otherwise documented in the record. *See* R. 175, 201–03, 210–13, 239–40, 244, 254. In fact, the record from 2020 (at the time the additional medical evidence arose) directly conflicts with Dr. Bridges' finding that Plaintiff cannot flex or extend his neck. *See* R. 239, 244, 254. For these reasons, the ALJ properly discounted Dr. Bridges' opinion.

## II. The ALJ did not err in finding Dr. Trowbridge's opinion persuasive.

Similarly, the ALJ did not err in finding Dr. Trowbridge's opinion persuasive. Since the 2020 medical findings occurred *after* Dr. Trowbridge gave her opinion in 2019, Plaintiff argues that substantial evidence does not support her opinion nor the ALJ's ultimate decision. Plaintiff additionally claims that the ALJ never mentioned the 2020 medical evidence when finding Dr. Trowbridge's opinion persuasive and wrongly "adopted Dr. Trowbridge's findings as his own" in formulating Plaintiff's RFC. Pl. Brief at 18–19, 21.

Plaintiff's assertions are facially incorrect. The ALJ explicitly acknowledged that additional medical evidence was added to the record since Dr. Trowbridge's review, and that additional evidence impacted Plaintiff's RFC. R. 16–17. For instance, the ALJ stated that evidence of Plaintiff's right-sided carpal tunnel syndrome, "provide[d] support for greater limitations than those assessed by Dr. Trowbridge," and subsequently limited Plaintiff "to frequent, but not constant, handling and fingering with the right, dominant hand." *Id.* As such,

the ALJ did not adopt Dr. Trowbridge's opinion "as its own" when formulating Plaintiff's RFC as Plaintiff alleges.

Furthermore, an ALJ can rightfully "discount or even disregard [a treating physician's] opinion . . . where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021). Here, Dr. Trowbridge extensively reviewed Plaintiff's records, provided detailed explanations for her findings, and formulated an opinion consistent with the record at the time she made it—a stark contrast to Dr. Bridges' opinion. R. 16–17. Hence, the ALJ did not err in finding Dr. Trowbridge's opinion persuasive.

The ALJ's treatment of Dr. Bridges' and Dr. Trowbridge's opinions were well within the "zone of choice." *Kraus*, 988 F.3d at 1024; *Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 6, 2022   /s/ Greg Kays
                                                           GREG KAYS, JUDGE
                                                           UNITED STATES DISTRICT COURT